**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.: 6:26-cv-00158-JA-DCI**

BONITA FREEMAN,

Plaintiff,
v.

UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD and MACK RIDES GMBH & CO KG

Defendants.
______________________________________________/

**DEFENDANT MACK RIDES' ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND**

Pursuant Federal Rules of Civil Procedure 8,10, and 12, Defendant, Mack Rides GMBH & Co KG, answers Plaintiff's Complaint. All allegations not specifically admitted are denied, and any legal conclusions, which do not require a response, are denied to the extent a component of such conclusory allegation might require in response. As to incorporating clauses, pursuant to Rule 10(c), Mack Rides adopts its response to the same allegations purportedly incorporated. As to each allegation specifically numbered in Plaintiff's Complaint, Mack Rides responds as follows:

1. Admitted that plaintiff purports to seek an amount in excess of the Court's jurisdictional threshold. Denied that Plaintiff is entitled to relief against Mack Rides in any amount, as it complied with all applicable legal duties.

2. Without knowledge, therefore denied.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Admitted.

6. Mack Rides admits there is personal jurisdiction over Mack Rides for this specific dispute, but denies it has committed a tort in Florida or breached any applicable legal duty to Plaintiff. Mack Rides denies there is general jurisdiction Section 48.193(2), because it is a German business entity that is not "at home" in Florida.

7. Admitted that venue is proper in this Court, the United States District Court for the Middle District of Florida, and that Plaintiff purports to sue for harms that allegedly occurred in Orange County, Florida.

8. Admitted upon information and belief.

9. Mack Rides admits it designed, manufactured and sold, Stardust Racers, for and to Universal, for installation at Epic Universe. The remainder, including any legal conclusions, is denied.

10. Admitted that Stardust Racers is a steel coaster with a "celestial spin" feature. The specific description made here is incomplete, and therefore it is denied as phrased.

11. Denied as phrased.

12. Without knowledge, therefore denied.

13. Mack Rides can neither admit nor deny this allegation, which appears to be directed to Universal.

14. Without knowledge, therefore denied.

15. Denied.

16. Denied.

17. Mack Rides is without knowledge as to this allegation; therefore, denied.

18. Denied.

19. Mack Rides can neither admit nor deny this allegation, which appears to be directed to Universal.

20. This allegation is directed to Universal and does not require a response from Defendant Mack Rides.

21. This allegation is directed to Universal and does not require a response from Defendant Mack Rides.

22. This allegation is directed to Universal and does not require a response from Defendant Mack Rides.

23. This allegation is directed to Universal and does not require a response from Defendant Mack Rides.

24. This allegation is directed to Universal and does not require a response from Defendant Mack Rides.

25. This allegation is directed to Universal and does not require a response from Defendant Mack Rides.

26. This allegation is directed to Universal and does not require a response from Defendant Mack Rides

27. This allegation is directed to Universal and does not require a response from Defendant Mack Rides.

The WHEREFORE clause, to the extent it alleges relief should be granted against Mack Rides, is denied.

28. Admitted.

29. Denied.

30. Denied.

31. Denied as phrased. Mack Rides roller coaster complied with all applicable legal obligations for design, manufacture, and operation. To the extent this paragraph suggests Mack Ride's roller coaster was unsuitable or unsafe, it is denied.

32. Denied.

33. Denied.

34. Denied as phrased. Mack Rides's design was safe and suitable, and met all applicable legal requirements.

35. As presently phrased, Mack Rides is without knowledge, and therefore denies the allegations of this paragraph.

36. Denied.

37. Denied.

The WHEREFORE clause, to the extent it alleges that Mack Rides is liable to Plaintiff for breaches of any legal duty or duties, is denied. Mack Rides complied with all applicable legal duties and did not proximately cause Plaintiff any actionable harm or damage.

38. Denied as phrased. Mack Rides designed, manufactured, and tested the ride in compliance with applicable legal, regulatory, and industry standards and requirements. Mack Rides denies that in doing so it failed in any applicable duty, whether that duty involves design, manufacture, testing, or warning.

39. Denied as phrased. Mack Rides designed, manufactured, and tested the ride in compliance with applicable legal, regulatory, and industry standards and requirements. Mack Rides denies that in doing so it failed in any applicable duty, whether that duty involves design, manufacture, testing, or warning.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

The WHEREFORE clause, to the extent it alleges that Mack Rides is liable to Plaintiff for breaches of any legal duty or duties, is denied. Mack Rides complied with all applicable legal duties and did not proximately cause Plaintiff any actionable harm or damage.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Failure to state a cause of action for products liability. Plaintiff alleges that the instrumentality of her alleged harm was a roller coaster, which is not a product. The roller coaster is not a product, and is instead an improvement to real property.

2. Failure to state a cause of action for design defect. Plaintiff does not allege Plaintiff rode a roller coaster that deviated from the intended design, and thus there is no allegation of a manufacturing defect. Even when read in the light most favorable to Plaintiff, none of the alleged facts support concluding the roller coaster was improperly manufactured by lacking necessary elements of its design.

3. Failure to state a cause of action for failure to warn. Plaintiff's complaint cannot be read to assert a cause of action for failure to warn. Plaintiff has not alleged an inadequate or absent warning and how it would have been required, or how such facts relating to warning proximately caused harm.

4. Failure to state a cause of action. The roller coaster complied with the "consumer expectations test" under Florida law and was not defective.

5. Failure to state a cause of action. To the extent applicable, the roller coaster complied with the risk utility test for roller coasters and was not defective.

6. State of the art. The roller coaster met all requirements for proper design, manufacture, and warning under all applicable standards. No such deficiency was the cause of Plaintiff's alleged damages, and the roller coaster otherwise complied with the best known and available technology. § 768.1257, Fla. Stat.

7. Government Rules. The roller coaster complied with federal or state codes, statutes, rules, regulations, or standards relevant to the roller coaster, and such compliance was a condition of selling and operating the roller coaster.

8. Assumption of risk. Plaintiff was informed of, and aware, of the nature of the movements caused by the roller coaster and chose to ride the roller coaster and assume the risks of such movements.

9. Adequate warning. Plaintiff was properly warned regarding the risks of riding the roller coaster and there was neither defect nor absence of warning regarding the ride experience.

10. No proximate cause. Plaintiff's alleged damage was not caused by any objective defect or dangerous condition in the roller coaster.

11. No proximate cause. Under Florida law the fact of injury does not prove cause, because in Florida a manufacturer is not under a duty in strict liability to design a product which is totally incapable of injuring consumers.

12. No breach of duty. Mack Rides complied with all applicable duties, including proper inspection and approval pursuant to applicable state law regarding such rides.

13. Contributory negligence. Plaintiff's own negligence, including (but not limited to) Plaintiff's failure to assess, account for, and mitigate, any risks known to Plaintiff specifically and not known by or disclosed to Mack Rides regarding Plaintiff, caused Plaintiff's harm and bars recovery here.

14. Set-off. Mack Rides is entitled to a set-off of any contractual discount of medical bills or expenses, negotiated write off or medical bills or expenses, or negotiated agreement to pay medical bills or other expenses. Alternatively, Plaintiff is not entitled to claim bills, costs, or expenses incurred but waived or not actually incurred

15. Mitigate damages. Mack Rides is not liable to the extent that Plaintiff failed to mitigate damages, including failure to have insurance as required by the Patient Protection and Affordable Care Act and/or failure to submit bills to health insurance, Medicaid and/or Medicare.

16. Because the roller coaster was not defective, or if some actionable defect is found by a fact finder, pursuant to *Fabre v. Marin,* 623 So. 2d 1182 (Fla. 1993), and Section 768.81, Fla. Stat., any other party, person, or entity who is also liable for plaintiff's injury must be included on the verdict form and any judgment.

17. No notice of any defect. Mack Rides did not have any notice of any unsafe and/or dangerous condition of the roller coaster during design, manufacture, or testing.

18. The roller coaster had no latent defects, and any dangerous quality of the roller coaster was obvious or patent.

19. The roller coaster was not unreasonably dangerous and was fit for the use intended.

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Mack Rides demands a jury trial on any issue triable by a jury.

**WHEREFORE**, for the reasons stated, Mack Rides requests the Court enter judgment in its favor, for costs of the action pursuant to Rule 54, and another relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2026, a true and correct copy of the foregoing document has been electronically filed and served via the Middle District of Florida's CM/ECF system.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Defendants, Mack Rides GMBH & CO KG*
The Alhambra
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
Telephone: 786.353.0210

By: */s/ Todd R. Ehrenreich*
TODD R. EHRENREICH, ESQ.
Florida Bar No. 945900